IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER BRIAN FIROR, #1500437 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JFM-15-2875 |
| | | |
| WARDEN GEORGE HARDINGER | * | |
| MAJOR STEPHEN REYNOLDS | | |
| MAJOR DENNIS STRINE | * | |
| CAPT. DENNIS HARMON | | |
| CAPT. STEVEN MILLER | * | |
| UNIT COORDINATOR TINA MUMMERT | | |
| Defendants. | * | |

*****

MEMORANDUM

I. Background

On September 23, 2015, plaintiff Christopher Firor ("Firor"), an inmate confined at the Carroll County Detention Center,[1] filed a 42 U.S.C. § 1983 civil rights complaint against prison administrators and employees at the Carroll County Detention Center ("CCDC"). He claims that dental floss or an alternative is not provided at the CCDC commissary, but acknowledges that "Keefe does provide floss and dental picks as an alternative to dental floss."[2] ECF No. 1, p. 3. Firor alleges that the failure to provide him dental floss has caused his gums to bleed and CCDC does not offer dental cleaning, adequate facilities for dentistry, or a part-time dentist on call for emergencies. *Id.*

---

[1] According to the state court judiciary website, Firor is awaiting trial in the Circuit Court for Carroll County on counts of drug delivery, possession, and distribution. *See States v. Firor*, Case Number 06K16047365 (Circuit Court for Carroll County). He is represented by the Office of the Public Defender. Trial is currently scheduled for October of 2016. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=06K16047365&loc=61&detailLoc=K.

[2] The court takes judicial notice that Keefe Commissary Network provides commissary services to city, county and state correctional facilities nationwide. *See* http://www.keefegroup.com/

Firor additionally takes issue with monies removed from his prison account in 2015. He states that on August 31, 2015, he was given notice by the Carroll County Sheriff's Office stating the he owed $119.62 and that money was removed from his account on September 1, 2016. Firor asserts that his attempts to set up a payment system plan were ignored and seemingly alleges that CCDC personnel have violated the terms of the Fair Debt Collection Practices Act ("FDCPA") as they have ignored his attempts to set up a payment plan and "collected the debt less than 24 hours after the notice was given." He further contends that personnel violated the Electronic Fund Transfer Act ("EFTA") as they took funds without authorization and violated Md. Code Ann., Corr. Services §§ 3-609 & 2-118 by failing to provide him due process prior to charging his account with a disbursement (for lab expenses incurred while confined at CCDC in 2012). ECF No. 1, pp. 4-5; ECF No. 1-1. He states that the $119.62 was placed back in his account on September 9, 2015.

Firor claims that another notice of collection of $288.00 was made against him on September 1, 2015 (for a previous dental charge), and the money was collected on September 9, 2015, although a payment plan had been arranged between his family members and CCDC staff. He claims that neither he nor anyone on his behalf is to have contact with CCDC personnel, making it impossible for him to arrange any payment plan on his remaining $119.62 debt. Firor claims that a judgment was placed against him for the $288.00 debt and he was offered a payment plan. ECF No. 1, pp. 5-7; ECF No. 1-1.

Finally, Firor claims that CCDC has an ineffective and meaningless grievance system, in that grievances are not responded to by personnel and, if they are, they are responded to by the very person against whom they are written. He contends that CCDC personnel retaliate and intimidate prisoners for their use of grievances by threatening them with the denial of access to the drug or

---

companies/keefe-commissary-network-11.

work-release program, or transfer to the Alleghany County Detention Center. ECF No. 1, pp. 7-9. He seeks injunctive relief and compensatory and punitive damages. *Id.* at pp. 9-11.

Defendants have filed a motion to dismiss, supported by Memorandum of Law. ECF No. 11-1. Firor subsequently filed an amended complaint which seemingly discusses what, if any, knowledge defendants had of his grievances and dental issues and subsequent deductions made from his account. ECF No. 15. He further claims that his access-to-court rights have been violated as he is forced to split his 30 minutes of time in the inmate library between recreational or law library time and the one available librarian often is unresponsive to requests for case law due to the librarian's limited time. He states that while on segregation he had no access to the law library. Firor claims that the lack of access has caused him to "miss appeal deadlines when I wanted to appeal decisions in Circuit Court" and he has been forced to litigate this complaint without the use of a computer. *Id.*

II. Standard of Review

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *See Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783

(4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). Because Firor is self-represented, his submissions are liberally construed. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). In evaluating the complaint, the court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal,* 556 U.S. at 678, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] ... that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

III. Discussion

    Legal Analysis

    Defendants argue that Firor has failed to state a claim against them because (a) he has failed to allege that any of the individuals are responsible for denying him access to dental care; (b) "nowhere to be found among the factual averments" related to his FDCPA claim does Firor mention defendants Hardinger, Strine, and Harmon; and (c) the complaint fails to state a claim under the FDCPA as defendants are not considered debt collectors under the FDCPA. ECF No. 11-1. In his opposition response, Firor claims that he has amended his complaint "to address his errors in omitting the names of the individuals to whom caused plaintiff harm." He further argues that nowhere in the FDCPA does it state that government employees are exempt from its regulations.

ECF No. 17. In their reply, defendants claim that Firor's original complain should be the controlling pleading. Further, defendants again argue that none of the individual defendants who are employed by Carroll County, a political subdivision of the State of Maryland, may be considered a debt collector under the FDCPA. ECF No. 18.

The court has examined the arguments presented under Fed. R. Civ. P. 12 and shall grant defendants' motion to dismiss.

With regard to Firor's medical claims, the records presented by Firor show that CCDC authorities have made a decision to not provide prisoners with dental floss for security reasons. Firor's original complaint notes that alternatives to dental floss, such as dental or floss picks, are available for purchase through the commissary provider (Keefe).[3] The deprivation of dental floss, is simply not so "repugnant to the conscience" or "incompatible with the evolving standards of decency" that it satisfies the seriousness prong of a deliberate indifference claim. *Santos v. Nicholls*, No. 10 Civ. 3159(JPO), 2013 WL 3305336, at *5 (S.D. N.Y. July 1, 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102, 105 (1976)), *appeal dismissed* (Oct. 28, 2013). Firor has otherwise failed to show failed to show that defendants had any involvement in providing him dental care or that they impeded him from obtaining dental cleaning or care for a dental emergency. His bleeding gums—even if they did result from the lack of dental floss—fall short of the "punishment" recognized under the Fourteenth Amendment.[4] Further, Firor has failed to demonstrate that the named defendants had

---

[3] Such a practice is constitutionally acceptable. *See Francis v. Carroll*, 773 F.Supp.2d 483, 487 (D. Del. 2011) (providing dental loops as an alternative to string dental floss).

[4] Because Firor is a pretrial detainee and not a convicted prisoner at the time of the alleged denial, this claim is governed by the due process clause of the Fourteenth Amendment rather than the Eighth Amendment's prohibition against cruel and unusual punishment. *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983); *see Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Ingraham v. Wright*, 430 U.S.

any direct involvement in denying him dental care.

Insofar as Firor has raised a claim against defendants under the FDCPA, he has failed to state a claim. Defendants, as employees of Carroll County, are not "debt collectors" under the FDCPA. *See* 15 U.S.C. § 1692(a). The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). The definition excludes several categories of persons, including officers or employees of government. *Id.* Moreover, to the extent that Firor is claiming that his funds were deducted from his account without due process, sufficient due process is afforded a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor,* 451 U.S. 527, 542–44 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy. *See Juncker v. Tinney,* 549 F.Supp. 574, 579 (D. Md. 1982).[5] The Supreme Court extended its *Parratt* holding to

---

651, 671–72 n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the state has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). The due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to the convicted prisoner; while the convicted prisoner is entitled to protection only against punishment that is "cruel and unusual," the pretrial detainee, who has yet to be adjudicated guilty of any crime, may not be subjected to *any* form of "punishment." *City of Revere v. Massachusetts Gen. Hosp.,* 463 U.S. at 244; *see Bell,* 441 U.S. at 535–37 & n. 16. But not every inconvenience encountered during pretrial detention amounts to "punishment" in the constitutional sense. *See id.* at 537. To establish that a particular condition or restriction of his confinement is constitutionally impermissible "punishment," the pretrial detainee must show either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate non-punitive governmental objective, in which case an intent to punish may be inferred. *Id.* at 538–40.

[5] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of taken property, given *Juncker's* reliance on *Parratt* in dismissing the plaintiff's

intentional deprivations of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Therefore, assuming Firor's funds were erroneously deducted from his account as alleged, such a claim does not rise to a constitutional violation.

Finally, to the extent that Firor wishes to raise claims regarding inadequate access-to-courts, an ineffective prison grievance system, and retaliation, he has failed to state a claim.

It bears noting that Firor is currently proceeding to trial in the Circuit Court for Carroll County. He is represented by counsel. Further, the state court docket shows that in all other criminal cases filed in the Circuit Court for Carroll County against him since 2009, he was represented by counsel.[6] Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *see also Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978). In 1996, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable, but only when the inmate is able to demonstrate actual injury from such deprivation. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). According to the *Lewis* opinion,

---

due process claim.

[6]  *See State v. Firor*, Case Number 06K09038627 (Circuit Court for Carroll County); *State v. Firor*, Case Number 06K09038323 (Circuit Court for Carroll County); *State v. Firor*, Case Number 06K09038371 (Circuit Court for Carroll County); *State v. Firor*, Case Number 06K09038372 (Circuit Court for Carroll County); *State v. Firor*, Case Number 06K09038488 (Circuit Court for Carroll County); *State v. Firor*, Case Number 06K09038604 (Circuit Court for Carroll County); *State v. Firor*, Case Number 06K09038628 (Circuit Court for Carroll County); *State v. Firor*, Case Number 06K09038629 (Circuit Court for Carroll County); *State v. Firor*, Case Number 06K090386230 (Circuit Court for Carroll County); *State v. Firor*, Case Number 06K09038651 (Circuit Court for Carroll County); *State v. Firor*, Case Number 06K09038622 (Circuit Court for Carroll County); *State v. Firor*, Case Number 06K12042328 (Circuit Court for Carroll County); *State v. Firor*, Case Number 06K13043861 (Circuit Court for Carroll County); *State v. Firor*, Case Number 06K13044565 (Circuit Court for Carroll County); and *State v. Firor*, Case Number 06K13044749 (Circuit Court for Carroll County). *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId.

the Constitution does not guarantee inmates the ability to litigate every imaginable claim they can perceive, only that they be given the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355.

Firor has failed to set out a colorable access-to-courts claim. He was and is represented in state court by counsel and does not indicate why and/or how his limited access to the law library or to computer hinders him from directly attacking his charges or appealing his state circuit court cases. Given these circumstances, the court finds that Firor has failed to state a First Amendment access-to-courts claim.

Insofar as Firor claims that he was retaliated against for his filing grievances, the court finds that plaintiff has failed to prove the required elements of a constitutional claim of retaliation. While retaliation against an inmate for the exercise of a constitutional right states a claim, *see American Civ. Liberties Union v. Wicomico County*, 999 F. 2d 780, 785-86 (4th Cir. 1993), Firor "[b]ears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial or motivating factor in the prison officials' decision..." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). To state a claim for retaliation, petitioner must demonstrate (1) the invocation of a constitutional right; (2) the intent to retaliate against him for his exercise of that right; (3) a retaliatory adverse act; and (4) causation; *i.e.*, but for the retaliatory motive, the complained-of incident would not have occurred. *See Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997). There is no constitutional entitlement to participate in a prison grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). A constitutional claim of retaliation is not supported.

## IV. Conclusion

For the aforementioned reasons defendants' motions to dismiss shall be granted.   A separate

Order shall be entered reflecting the rulings entered in this decision.


Date: August 2, 2016

/s/ J. Frederick Motz
J. Frederick Motz
United States District Judge

9